Citation Nr: 1812665 
Decision Date: 02/28/18 Archive Date: 03/08/18

DOCKET NO. 06-28 292A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for heart disease.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K. J. Kunz, Counsel


INTRODUCTION

The Veteran served on active duty from February 1971 to December 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the United States Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. In a December 2004 rating decision the RO denied service connection for heart block with placement of pacemaker.

The Veteran appealed the December 2004 rating decision to the Board. In a January 2010 decision, the Board denied service connection for cardiovascular disability, including heart block with pacemaker placement, myocardial infarction, atrioventricular block, coronary artery disease, and heart disease.

In a July 2011 statement the Veteran asserted that during service he was exposed to an herbicide agent such as Agent Orange. In an August 2011 rating decision the RO denied service connection for heart disease including ischemic heart disease.

In February 2013 the Veteran filed a new claim for service connection for heart disease. In an August 2013 rating decision the RO denied reopening of a previously denied claim for service connection for heart disease. The Veteran appealed that decision to the Board.

In May 2014 the Veteran had a Travel Board hearing before the undersigned Veterans Law Judge (VLJ). The Veteran's claims file contains a transcript of that hearing.

In May 2016 the Board remanded to the Agency of Original Jurisdiction (AOJ)(in this case the RO), for additional action, the issue of reopening of a claim for service connection for heart disease.

The Veteran subsequently requested another Board hearing. In December 2016 VA scheduled for him a Board videoconference hearing in January 2017. Later in December 2016 the Veteran requested to cancel the January 2017 hearing.

In a March 2017 decision, the Board granted reopening of the previously denied claim for service connection for heart disease. The Board remanded the service connection claim to the AOJ for additional action.

The issues on appeal previously included service connection for residuals of fracture of the jaw. In a November 2017 rating decision, the RO granted service connection temporomandibular joint dysfunction with osteoarthritis and malposition of the left condyle. With that decision the RO resolved the appeal for service connection for residuals of fracture of the jaw.

While the Board regrets additional delay, additional information is needed with respect to the claim. Therefore the appeal is again REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

The Veteran is seeking service connection for current heart disease. He contends that during his service in Thailand he was exposed to an herbicide agent such as Agent Orange. He contends that his current heart disease is attributable to that exposure.

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2017). Under certain circumstances, service connection for certain specifically listed diseases, including ischemic heart disease, may be presumed if a veteran was exposed during service to certain herbicides, including Agent Orange, that contain dioxin. 38 U.S.C.A. § 1116 (2012); 38 C.F.R. §§ 3.307, 3.309(e) (2017). For the purpose of presumed service connection based on herbicide exposure, the term ischemic heart disease includes, but is not limited to, acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable, and Prinzmetal's angina. 38 C.F.R. § 3.309(e). The term ischemic heart disease does not include hypertension, or peripheral manifestations of arteriosclerosis such as peripheral vascular disease or stroke, or any other condition that does not qualify within the generally accepted medical definition of ischemic heart disease. 38 C.F.R. § 3.309(e), Note 2.

A veteran who served on active duty in the Republic of Vietnam during the period from January 9, 1962, to May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during service. 38 C.F.R. § 3.307(a)(6). VA has found that, under certain circumstances, U. S. Air Force veterans who served on or near the perimeter of certain Royal Thai Air Force (RTAF) bases, including the U-Tapao RTAF base, may have been exposed to an herbicide agent. See VA Office of Public Health and Environmental Hazards, Agent Orange: Thailand Military Bases, found at http://www.publichealth.va.gov/
exposures/agentorange/thailand.asp. Under certain circumstances, duties on or around C-123 aircraft warrant a presumption of exposure to an herbicide agent. See 38 C.F.R. § 3.307(a)(6)(v).

Additional information is needed to determine the likelihood that the Veteran had herbicide exposure during his service in Thailand. His service records document that he was stationed at U-Tapao Airfield in Thailand for a period in 1972 and 1973. His duties were refueling and defueling aircraft and maintaining the refueling systems. On remand, the AOJ should obtain information from the Veteran and military sources as to whether and how much he was on or near the perimeter of the U-Tapao base.

In addition, further clarification is needed as to whether the Veteran has ischemic heart disease. In the March 2017 remand, the Board called for a VA examination with file review and opinion clarifying whether the Veteran has ischemic heart disease. On VA medical examination in May 2017, the examiner found that the Veteran did not have ischemic heart disease. The examiner found, however, that the Veteran had coronary spasm in 2004, but did not have it in 2011. Under 38 C.F.R. § 3.309(e), for the purpose of presumed service connection based on herbicide exposure, the term ischemic heart disease includes coronary spasm. On remand, the AOJ should provide the Veteran a new examination, with review of his claims file, and opinion from the examiner reconciling whether he has ischemic heart disease.

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to report, regarding his service at U-Tapao Airfield in Thailand, whether and how often his duties or other activities placed him on or near the perimeter (edges) of the base. Conduct all necessary evidentiary development, to include seeking from appropriate sources whether it is at least as likely as not that aircraft refueling duties and other expected activities at U-Tapao Airfield would place a service member on or near the perimeter of the base, and whether it is at least as likely as not that the Veteran worked on/fueled C-123 aircraft. 

2. Schedule the Veteran for a VA examination to address whether he has ischemic heart disease as defined for VA benefits purposes. Provide the Veteran's claims file to the examiner to review. Inform the examiner that, for the purpose of presuming service connection based on herbicide exposure, VA considers the term ischemic heart disease to include, but not be limited to, acute, subacute, and old myocardial infarction, atherosclerotic cardiovascular disease, coronary spasm, and coronary bypass surgery, and stable, unstable, and Prinzmetal's angina. Ask the examiner to review the claims file and examine the Veteran. Ask the examiner to state whether the Veteran has current coronary spasm or other finding consistent with ischemic heart disease under the above definition. If coronary spasm is not present on examination, ask the examiner to state whether records show it was present previously, and, if so, whether it has since resolved. Ask the examiner to provide clear and thorough explanations of his or her conclusions and opinions.

3. Then review the expanded record and readjudicate the claim for service connection for heart disease. If the claim remains denied, send the Veteran and his representative a supplemental statement of the case, and give them an opportunity to respond before returning the case to the Board for further appellate consideration.

The Board intimates no opinion as to the ultimate outcome of the remanded matter. The Veteran has the right to submit additional evidence and argument on that matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).